"Whyte, J.
delivered the opinion of the Court. This was a suit in equity from the Circuit Court of the county of Washington. The plaintiff’s bill was dismissed in the court below; from which judgment the defendants prayed and obtained an appeal in the nature of a writ of error to this Court.
Upon argument it is now made a question by the counsel, whether, since the passage of the act of Assembly of 1819, ch. 31, § 2, an appeal in the nature of a writ of error is the proper process to bring up a suit in equity, from an inferior court of ^equity jurisdiction, to this Court; and whether the proper process for this purpose was not the appeal ? And the Acts of 1809, ch. 49, §§ 4, 26 ; 1811, ch. 72, §§ 4, 11, 12; 1813, ch. 78, § 3; 1819, ch. 31, § 2; 1822, ch. 13 § 4, were cited; and also the 61, 63, 65, and 75 rules of this Court adopted at Nashville, January term, 1825.
Upon the change of the court system of this State, in the year 1809, all original equity jurisdiction was given by the act of Assembly of that year (ch. 49, § 4) to the circuit [300] courts. At the same time, and by the same Act (§ 26), it is enacted that writs of error shall lie from the respective circuit courts, to the Court of Errors and Appeals.
The original equity jurisdiction thus given to the circuit courts remained unchanged in those courts' for two years; during all which time the writ of error was the only and sole process of bringing up causes from them to the Supreme Court, where they were examined in error. That suits in equity, during that period, were only examined in error by the Supreme Court, is apparent from the constitution of the Court, the process, and the 27th section of the same Act, which says, “ That when, any judgment, decision, or decree of the Circuit Court shall be reversed or affirmed in the Court of Errors and Appeals, it shall be the duty of the said court to pass such judgment, decision, or decree as the Circuit Court should have passed, except where the damages to be assessed or the matter to be decreed are uncertain; in which case the said court shall remand the cause for a final hearing.” This is the appropriate language of a proceeding in error;
By the Act of 1811, ch. 72, § 4, the jurisdiction in equity, given to the circuit courts'by the Act of 1809, was taken away from them, and vested exclusively in the Supreme Court. By the same Act of 1811, §§ 11, 12, the process of appeal in the nature of a writ of error is introduced, su *611 perseding in practice, from its convenience, though not negativing the use of the writ of error of 1809, ch. 49, § 26, its object and effect being the same as the writ of error to take up causes from an inferior to a superior tribunal, and for their examination there upon error, differing, however, in this, that by the 11th section of this Act, the process of appeal in the nature of a writ of error is limited in its use to the same term of the inferior court where the judgment was rendered. If this term is passed by the party, the writ of error must be resorted to, and that within one year, by application to the clerk of the Supreme Court, who, by the 12th section, is authorized to issue the same on demand. These are all the enactments of the Legislature, previous to the Act of 1819, respecting process to carry causes into the Supreme Court from inferior [301] tribunals, excepting the Act of 1813, ch. 78, § 2, which authorizes the appeal in the nature of a writ of error, upon terms, from the county courts to the supreme courts.
In 1813, ch. 78, § 3, concurrent original jurisdiction of all canses in equity, of which the Supreme'Court had jurisdiction by the Act of 1811, ch. 72, is given to the circuit courts; and it so remained until the establishment of the Court of Chancery in 1822.
In 1819 the Legislature introduced the appeal, as a process by which causes, on the Chancery side of the Circuit Court, should be taken up from thence to the Supreme Court; declaring at the same time that the cause shall be entitled to a re-examination in the Supreme Court, upon the whole matter of law and fact, in the same way, and under the same rules, regulations, and restrictions, as other causes originally commenced in said Supreme Court are heard and determined.
This Act, introducing a new process of removal, and giving a new remedy to the party, which he had not before on the writ of error, or appeal in nature of a writ of error, must be considered to be a cumulative remedy, and not necessarily taking away the remedy upon error ; more especially, as the object of the one is not, ad idem, with the other. The remedy by writ of error, or appeal in the nature of a writ of error, gives the party redress for a wrong judgment, upon the facts in the decree, but not for a wrong deduction of facts from the testimony in the cause ; redress in this last case only can be afforded under the process of appeal, given by the Act of 1819, ch. 31, § 2.
This Court, therefore, is of opinion that the Act of 1819 gives a cumulative remedy; and that the party who conceives himself injured by the decree may adopt at his option the process suited to the nature of his case. If he thinks the judgment of the Chancellor upon the facts set forth in the decree erroneous, he may have it reviewed by process of error, or appeal in the nature of a writ of error. If he thinks the deductions of fact in the decree, from the testimony in the cause, are wrong drawn, he may have a review upon appeal. •